Case 9:23-cr-00015-DLC   Document 43   Filed 03/22/24   Page 1 of 1

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)     Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

District of Montana

| | |
|---|---|
| United States of America<br>v.<br>Kevin Patrick Smith | Case No: CR 23-15-M-DLC<br>USM No: 45889-510 |
| Date of Original Judgment: 08/24/2023<br>Date of Previous Amended Judgment: _____<br>*(Use Date of Last Amended Judgment if Any)* | _____<br>*Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .
*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Defendant seeks a sentence reduction under the retroactive application to the criminal history rules in Part B, subpart 1 of Amendment 821 to the United States Sentencing Guidelines. (*See* Doc. 42.) Defendant is ineligible.

Part B, subpart 1 provides a two-level offense level decrease for offenders who did not receive any criminal history points under Chapter Four and whose instant offense did not involve specific aggravating factors. *See* USSG Ret. App. A & B, Sub. 1 Amendment 821 "Reasons for Amendment" (Nov. 1, 2023). Relevant here, §4C1.1(3) requires that "the defendant did not use violence or credible threats of violence in connection with the offense."

Here, Defendant was convicted of "Threats to Injure and Murder A United States Senator." (Doc. 35 at 1.) Defendant acknowledged that he "made a threat to murder" Senator Tester when he left multiple threatening voicemails at Tester's Kalispell office, even after being warned to stop. (Doc. 22 at ¶ 4; Doc. 25 at 3.) After his arrest, officers seized 19 firearms including four shotguns, five rifles, eight pistols, one home-made silencer, and 1,186 rounds of assorted ammunition from Defendant's home in Kalispell. (PSR ¶ 22.) In this case, the offense itself is the exact behavior excepted from zero-point offender relief intended by Amendment 821. Because Defendant's crime involved his use of credible threats of violence, his motion is denied.

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 03/22/2024

*Judge's signature*

Effective Date: _____
*(if different from order date)*

Dana L. Christensen, District Judge
*Printed name and title*